# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELDER ZACARIAS-LOPEZ,

        Petitioner,

vs

D.W. NEVEN, *et al.*,

        Respondents.

**Case No. 2:05-cv-01156-JCM-PAL**

ORDER

        Before the court is Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Docket #12), Petitioner's Response to Motion to Dismiss (Docket #14), and Petitioner's Supplemental Response to Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody and Motion to Amend 2254 Petition, Accompanied With Request for Stay, Pending Exhaustion of State Remedies (Docket #17).  For the reasons stated below, Respondents' Motion to Dismiss will be granted in part and denied in part.

**1.**    **Procedural History**

        On May 28, 2002, Petitioner was convicted in Nevada state court of first degree murder with the use of a deadly weapon.  (See Exhibit 5 attached to Respondents' Motion to

1  Dismiss[1]). Petitioner thereafter filed a direct appeal to the Nevada Supreme Court alleging four
2  errors. (Exhibit 15). Specifically, Petitioner's fourth alleged error claimed that "The trial court
3  committed prejudicial error by denying defendant's motion for a new penalty hearing." *Id*.
4  Petitioner alleged that during the penalty hearing deliberations following the announcement
5  of the verdict, the jurors asked the court three questions regarding the possible sentences.
6  Petitioner claimed that the court referred the jurors to the original jury instructions without
7  notifying counsel, and without providing counsel the opportunity to be present as required by
8  Nevada law. As a result, Petitioner argued that his Due Process rights had been violated. *Id*.

In its order affirming Petitioner's conviction, the Nevada Supreme Court addressed Petitioner's fourth alleged error:

> Finally, Lopez argues that the district court erred in denying his motion for a new penalty hearing because the court should have informed the parties that the jury asked three questions during deliberation.
> Although the district court should not have answered the jury's questions as it did, by referring the jury back to the instructions already given without first informing counsel, [footnote omitted] we conclude that such error was harmless error since the jury instruction relating to the jury's questions was correct and adequately answered their questions. [footnote omitted] Accordingly, we conclude that the district court properly denied Lopez's motion for a new penalty hearing.

(Exhibit 16, pgs. 5-6).

Petitioner's federal habeas petition contains one ground for relief that is similar to the fourth error alleged in his state court direct appeal. Specifically, Petitioner alleges that his 14th Amendment Due Process rights were violated when the state district court responded to the jury's questions without notifying Petitioner's trial counsel or permitting counsel to be present for the reading of the questions. Although the language of Ground One of Petitioner's federal habeas petition is similar to the language contained in the fourth alleged error in his

---

[1] All references to "Exhibits" in this order refer to the exhibits attached to Respondents' Motion to Dismiss (Docket #12) unless otherwise noted.

2

1 state court appellate brief, there are additional allegations in Petitioner's federal petition that
2 were not made in his appellate brief. Respondents argue that Ground One of Petitioner's
3 federal habeas petition actually alleges three separate claims:

   1. Jury was not informed of "extra penalty" associated with use of a deadly weapon.

   2. The Court received three questions from the jury during deliberations but did not contact the prosecutor or defense counsel, instead the court responded to the question by referring the jury to the instructions they had been given. Petitioner filed a motion seeking a new penalty hearing which was denied.

   3. Jury was not fully informed of the additional penalty when they sentenced him to a term of Life with the possibility of parole after serving a minimum of forty (40) years. However, the judge sentenced him to two sentences of life with the possibility of parole after serving a minimum term of twenty (20) years. Due process violated because the jury was not fully informed of the additional penalty.

12 *(*Respondents' Motion to Dismiss (Docket #12), pg. 6). Respondents claim that Petitioner's
13 federal habeas petition is a "mixed" petition, containing both exhausted and unexhausted
14 claims and must therefore be dismissed. Respondents claim that the first and third claims
15 listed above are unexhausted, while the second claim mirrors the claim made in Petitioner's
16 appellate brief and is exhausted. In his opposition to Respondents' motion to dismiss,
17 Petitioner claims that Ground One presents only a single ground for relief, and it is the same
18 claim he exhausted in his state court appellate brief. (Docket #14).

19 On January 31, 2007, Petitioner notified this court that he is now represented by
20 counsel. (See Docket #16). Thereafter, on February 13, 2007, Petitioner's counsel filed a
21 supplemental response to Respondents' Motion to Dismiss, along with a Motion to Amend
22 Petitioner's federal habeas petition, and a request to stay and abey Petitioner's federal habeas
23 petition while Petitioner exhausts his claims in state court. (Docket #17). In his supplemental
24 response, Petitioner concedes that he cannot overcome Respondents' motion to dismiss, and

1 therefore asks the court to permit him to amend his habeas petition, and to stay and abey his
2 petition until he can return to state court and exhaust his claims.

3 **2.   Analysis**

4   **A.   Exhaustion**

5 A federal court will not grant a state prisoner's petition for habeas relief until the
6 prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy,* 455
7 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity
8 to act on each of his claims before he presents those claims in a federal habeas petition.
9 *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *See also Duncan v. Henry,* 513 U.S. 364, 365
10 (1995). A claim remains unexhausted until the petitioner has given the highest available state
11 court the opportunity to consider the claim through direct appeal or state collateral review
12 proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,*
13 653 F.2d 374, 376 (9th Cir. 1981).

14 To achieve exhaustion, the state court must be "alerted to the fact that the
15 prisoner [is] asserting claims under the United States Constitution" and given the opportunity
16 to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364,
17 365 (1995), *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28
18 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring
19 any claims to federal court, be sure that you first have taken each one to state court." *Jiminez*
20 *v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001), *quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982).
21 A petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the
22 appropriate state courts in the manner required by those courts. *Casey,* 386 F.3d at 915-916.

23 A claim is not exhausted unless the petitioner has presented to the state court the
24 same operative facts and legal theory upon which his federal habeas claim is based. *Bland v.*
25 *California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion
26

4

1  requirement is not met when the petitioner presents to the federal court facts or evidence
2  which place the claim in a significantly different posture than it was in the state courts, or
3  where different facts are presented at the federal level to support the same theory. *See Nevius*
4  *v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295
5  (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.Supp. 455, 458 (D.C.Nev. 1984).

6  In the present case, it is clear that Petitioner's federal habeas petition contains
7  unexhausted claims. If, as Respondents argue, Ground One actually presents three separate
8  claims, then two of those claims are indisputably unexhausted as they were never presented
9  to the Nevada state courts for review. If, as Petitioner suggested in his original opposition
10 brief, Ground One is but a single claim, then that claim fails to present the same operative facts
11 and legal theory that was presented to the Nevada Supreme Court in Petitioner's direct appeal
12 and is also unexhausted.

13 Because Ground One contains Petitioner's complete exhausted claim regarding
14 the state court's handling of the jury questions in addition to other separate allegations, the
15 court finds that Ground One contains multiple claims. Specifically, in addition to alleging the
16 same operative facts and legal theory regarding the jury question due process claim, Petitioner
17 has also now alleged that the jury was never informed of the extra penalty resulting from the
18 use of a weapon, and has also alleged that the jury was not informed of the additional penalty
19 that could be imposed upon Petitioner as a result of Nevada's enhancement laws. These are
20 clearly separate and distinct claims from Petitioner's claim that the court should have provided
21 him notice and an opportunity to be present during the reading of the jury's questions.
22 Therefore the court agrees with Respondents that Ground One contains three separate claims,
23 two of which were never presented to the Nevada state courts for review. As a result of this
24 finding, the court finds that Petitioner's federal habeas petition is a "mixed" petition and must
25 be dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509 (1982).

26

**B.     Stay and Abeyance**

Had the court determined that Petitioner's federal habeas petition contained a single claim, as Petitioner urged, and then found that claim unexhausted, that would have ended the inquiry and petitioner's habeas petition would have been dismissed. *See Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). Because the court finds Petitioner's petition is mixed, and contains at least one exhausted claim, however, Petitioner has several options to choose from. In the past, it has been the practice of this Court to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the merits of those that are properly exhausted or voluntarily dismissing the action without the entry of judgment, to permit a return to state court. However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because Petitioner's federal habeas petition is a mixed petition containing exhausted and unexhausted claims, it must be dismissed by this court. Petitioner has conceded that his petition contains unexhausted claims, and has asked this court to stay his exhausted claims and hold his petition in abeyance until he can return to state court to exhaust the unexhausted claims. Therefore, in view of *Rhines*, before the Court determines how to handle petitioner's unexhausted petition, the Court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument

6

1 regarding the question whether or not his unexhausted claims are plainly meritless.
2 Respondent will be granted an opportunity to respond, and petitioner to reply.

3 Petitioner's motion to amend his habeas petition appears to be a request to
4 amend his petition to delete unexhausted claims so that his exhausted claim may be held in
5 abeyance until he can return to state court. *See Rose v. Lundy,* 455 U.S. 509 (1982); *Kelly v.*
6 *Small,* 315 F.3d 1063 (9th Cir. 2003). Petitioner's motion will be granted, but Petitioner will
7 not be ordered to submit an amended complaint in this matter until the court has decided
8 whether he is entitled to stay and abeyance pursuant to *Rhines.*

9 **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Docket
10 #12) is **GRANTED** as follows: The court finds that Petitioner's federal habeas corpus petition
11 is a mixed petition containing both exhausted and unexhausted claims. For the reasons stated
12 above, however, the court will not dismiss Petitioner's habeas petition at this time.

13 **IT IS FURTHER ORDERED** that the court will withhold ruling on Petitioner's
14 request for stay and abeyance of his habeas corpus petition (Docket #17) at this time subject
15 to the following: Petitioner shall have thirty (30) days from the date of entry of this Order to
16 show, consistent with the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), good cause
17 for his failure to exhaust his unexhausted claims in state court, and to present argument
18 regarding the question whether or not his unexhausted claims are plainly meritless.
19 Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have
20 fifteen (15) days to reply.

21 **IT IS FURTHER ORDERED** that Petitioner's failure to respond to this order
22 in the time provided will result in the dismissal of his federal habeas corpus petition.

23 ...
24 ...
25
26

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend his federal habeas corpus petition (Docket #17) is **GRANTED**.  Petitioner shall not file an amended petition until the court has determined whether he is entitled to stay and abeyance of his petition.

Dated this 8th day of March, 2007.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE