# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ELDER ZACARIAS-LOPEZ, | ) |
| Petitioner, | ) 2:05-cv-1156-JCM-PAL |
| vs. | ) |
| D.W. NEVEN, *et al.*, | ) **ORDER** |
| Respondents. | ) |

This action proceeds on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Elder Zacarias-Lopez, represented by counsel. Before the court is respondents' motion to dismiss and errata thereto, petitioner's opposition, and respondents' reply.

## I.    Procedural Background

Petitioner was convicted of murder with the use of a deadly weapon on May 28, 2002. Exhibit 12.[1] The jury deliberated and entered its sentencing verdict on May 29, 2002. Exhibit 14. Petitioner moved for a new penalty hearing when it was discovered that the trial court had received and responded to questions from the jury during its penalty deliberations without notifying the parties. Exhibit 17. The motion was denied and petitioner was sentenced to two consecutive terms

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the court's record at docket #30.

of life with the possibility of parole after twenty years.  Exhibit 18.  Petitioner appealed.  Exhibit 19.

On appeal, petitioner argued four issues:

I. The trial court committed prejudicial error by improperly excluding admissible, non-hearsay evidence of identification.

II. The trial court committed prejudicial error by admitting totally irrelevant evidence of the "cooperative" attitude of those individuals detained at the shooting scene.

III. The trial court committed prejudicial error by improperly excluding evidence of defendant's limited mental capacity.

IV. The trial court committed prejudicial error by denying defendant's motion for a new penalty hearing.

Exhibit 20.

After full briefing, the Nevada Supreme Court affirmed the conviction on May 11, 2004.  Exhibit 22.  Remittitur issued on June 8, 2004.  Exhibit 23.

A post-conviction petition was filed by petitioner on November 22, 2004.  Exhibit 24.  The petition raised several grounds, including:

I. The State of Nevada violated the Vienna Convention in not informing Elder Zacarias-Lopez of Guatemala, of his rights under it [sic] 5th, 6th, 14th Amendments to the U.S. Const; Article 6, Supremecy [sic] Clause violation: Nev. Constitution violations: Art. 1&8, Art 1&2; Art. 1& 2.5.

II. Mr. Lopez asserts that his substantive, fundamental and procedure, due process of law rights were violated, where counsel acted as an agent for the District Attorney's office, by abridging petitioner's constitutional right to appear before preliminary examination within (15) days, thereby violating petitioner's 5th, 6th, and 14th Amendments of the United States Constitution.

III. Improper identification process denied Mr. Lopez effective assistance of counsel prior and during trial and on direct appeal in violation of the 5th, 6th, and 14th Amendments to the United States Constitution wich [sic] guarantee petitioner due process of the law.

IV. District Court, prosecution knowingly, intentionally used false testimony, elicited and made intentional and prejudicial misstatements of law, during jury selection, opening statements, during the trial and closing summation in violation of due process of the law guaranteed to Elder Zacarias-Lopez under 5th, 6th, 9th and 14th Amendments to U.S. Const.

V. District Court improperly precluded Elder Zacarias-Lopez from

                presenting petitioner's complete defense to the jury in violation of petitioner's 5th, 6th, and 14th Amendment rights to the United States Constitution wich [sic] guarantee Mr. Elder Zacarias-Lopez due process of law, equal protection of the law and effective assistance of counsel from arraignment through direct appeal and a [sic] impartial jury trial of his peers.

    VI.    The reasonable doubt instruction at trial was unconstitutional and in violation of Mr. Elder Zacarias-Lopez guaranteed rights under the 5th, 6th, and 14th Amendments to the United States Constitution, which guarantee Mr. Lopez due process of the law.

    VII.    Mr. Lopez was denied effective assistance of counsel prior to and during trial, and on direct appeal, in violation of the 6th and 14th Amendments to the United States Constitution.

*Id.*

The district court denied the petition on February 23, 2005. Exhibit 32. On appeal, the Nevada Supreme Court affirmed this decision. Exhibit 33. Remittitur was entered on July 12, 2005. Exhibit 34.

Petitioner arrived at the federal court on September 15, 2005, and after the issue of the filing fee was resolved, his petition was filed on January 17, 2006. (ECF No. 5.) Following an initial motion to dismiss, petitioner obtained counsel, who moved to amend the petition and then sought a stay and abeyance to return to state court to exhaust newly added and unexhausted claims. (ECF Nos. 11, 16, 17.) The stay was granted, the amended petition was filed on May 3, 2008, and petitioner returned to the state court.

On January 19, 2011, petitioner moved to reopen the case and respondents filed their motion to dismiss. (ECF Nos. 27 and 29.) Respondents seek dismissal of grounds 3 through 9 as untimely and grounds 2 through 9 of the petition as procedurally barred. Petitioner presents arguments as to cause and prejudice and actual innocence in an attempt to overcome dismissal.

**III.   Discussion**

    A.    <u>Statute of Limitations</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various

amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997, to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000).

The AEDPA limitations period is also subject to equitable tolling. *See* Holland v. Florida, 560 U.S. ____, 130 S.Ct. 2549, 2560 (2010); *Calderon v. United States District Court*

1  (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v.*
2  *United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).  Equitable tolling is available
3  only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition
4  on time."  *Beeler*, 128 F.3d at 1288; *see also*, *Pace v. DiGuglielmo,* 544 U.S. 408,418, 125 S.Ct.
5  1807 (2005).  In certain circumstances, the misconduct of counsel can, if sufficiently egregious,
6  justify such tolling.  *Holland,* 130 S.Ct. at 2564-65.

7        In this instance, petitioner had expired 76 days between June 8, 2004, the time his
8  conviction was final, including the 90 days allowed to seek certiorari from the United States
9  Supreme Court, and the time he filed his first post-conviction habeas petition on November 22,
10  2004.  He also expired 63 days between July 12, 2005, the date remittitur issued on his post-
11  conviction appeal and September 14, 2005, the date he signed his federal habeas petition.  Thus, he
12  had a balance of 236 days left in his year.  However, because the filing of a federal habeas petition
13  does not toll the statute of limitations, see *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120 (2001),
14  the remaining 236 days and the one-year period expired well before the amended petition was filed
15  on May 3, 2008.

16      B.    <u>Relation Back</u>

17        Respondents rely on the holding of *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562
18  (2005) to support their argument that ground 3-9 of the amended petition are untimely.  In *Mayle*, the
19  petitioner originally raised only a confrontation clause claim in his habeas petition, based on the
20  admission of video-taped prosecution witness testimony.  545 U.S. at 648-49, 125 S.Ct. at 2566.
21  After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his
22  habeas petition to allege a fifth amendment claim based on coercive police tactics used to obtain
23  damaging statements from him.  *Id.*  The factual basis for each claim was distinct.  Petitioner then
24  argued that his amended claim related back to the date of his original habeas petition because the
25  claim arose out of the same trial, conviction or sentence.  *Id.* at 659-661, 125 S.Ct. at 2572-2573.  In
26  rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year

period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, the Supreme Court concluded that new claims raised after the expiration of the one-year limitation period imposed by 28 U.S.C. § 2244(d) must involve a common "core of operative facts" uniting them to the original claims. *Mayles,* 545 U.S., at 660, 125 S.Ct., at 2573 (citing *Clipper Express v, Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d, 1246, 1259, n. 29 (9th Cir. 1982); *see also,* 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1497, p. 85 (2d ed.1990).

In his original petition filed on January 17, 2006, petitioner claimed a due process violation where the court failed to notify the parties during deliberation of a jury question and the court's answer to that question and where the jury was not informed of the extra penalty imposed for the use of a deadly weapon.

In the amended petition filed on May 3, 2008, petitioner raises nine claims. Ground one relates back to the original petition in that is argues a due process violation for failing to inform counsel that the jury had sent questions during deliberations. Ground two also relates back to the original petition in that is alleges a violation of the *Apprendi* decision for failing to instruct the jury that it must find the element of use of a deadly weapon separate and in addition to all the elements of the underlying crime, beyond a reasonable doubt. Thus, these two grounds for relief are timely filed.

However, the remaining grounds for relief in no way share a common core of operative facts to the assertions in the original petition. For example, ground three claims a violation of the Vienna Convention, ground four claims a due process violation from counsel's purported actions as an "agent" for the District Attorneys office in failing to ensure petitioner received a preliminary hearing within fifteen days. As with the previous grounds, none of the remaining claims related to petitioner's original issue. These grounds for relief are all untimely.

Petitioner presents no arguments to support equitable tolling of the statute of limitations. He does contend that his appellate counsel was ineffective for failing to recognize and present grounds 3 through 9 on appeal and for not discussing the issues with petitioner. However,

1  these arguments are presented in an apparent attempt to overcome the procedural bar imposed by the
2  state courts Petitioner presents no argument to suggest that the new claims relate back to the original.
3  Any argument that actual innocence may excuse the untimely filing is also untenable.  *Lee v.*
4  *Lampert,* 610 F.3d 1125 (2010).  Thus, grounds 3, 4, 5, 6, 7, 8 and 9 are untimely and shall be
5  dismissed.
6          C.      Procedural Bar
7              Having found that grounds 3 through 9 of the amended petition are untimely, there
8  remains only ground two which is subject to the procedural bar imposed by the Nevada Supreme
9  Court in denying petitioner's second state post-conviction petition.
10             "When a state prisoner has defaulted a claim by violating a state procedural rule
11 which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme
12 Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice."  *Wells*
13 *v. Maass*, 28 F.3d 1005, 1008 (9th Cir.1994).  Here, ground two is subject to the procedural bar
14 imposed under Nevada law as NRS 34.726 - timeliness, and NRS 34.810 - second or successive
15 petitions.  These statutes have been consistently applied by the Nevada courts and are adequate and
16 independent of federal law.  *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996)*; see*
17 *also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999)  *cert. denied*, 529 U.S. 1073 (2000);
18 *Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001).
19             "[C]ause ... requires a showing of some external impediment preventing counsel from
20 constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478 492 (1986).  For cause to exist,
21 the external impediment, whether it be government interference or the reasonable unavailability of
22 the factual basis for the claim, must have prevented petitioner from raising the claim.  *See id.*, at 488,
23 106 S.Ct., at 2645 (cause if "interference by officials ... made compliance impracticable").
24             Assuming petitioner can show cause for his procedural default, he also must show
25 prejudice arising from the alleged constitutional errors.  Petitioner must show "not merely that the
26 errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions." *United Stated v. Frady*, 456 U.S. 152, 170 (1982). In essence, to show actual prejudice on the basis of his claims, petitioner must demonstrate that the alleged errors so infected the trial that his resulting conviction violated due process. *Id.*

As an alternative to showing "cause and prejudice," petitioner may attempt to show that dismissal of his instant claims on procedural default grounds will result in a "fundamental miscarriage of justice." Such a showing, however, is very difficult to make. It requires petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S., at 496); *see also Engle v. Isaac*, 456 U.S. 107, 134-135 (1982)

D.  Petitioner's Arguments

In attempting to show cause to overcome the procedural bar, petitioner argues the ineffective assistance of appellate counsel for failing to recognize and submit for consideration the then newly decided principles of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2354 (2000) and *Abrego v. State,* 118 Nev. 54, (2002). Petitioner contends that counsel's failure to raise claims that "were not legally widespread" until after the filing of the direct appeal in this instance was not "mere inadvertence, [but] a direct violation of law on appeal matters." If the procedural default is the result of ineffective assistance of counsel on appeal, "the Sixth Amendment itself requires that responsibility for the default be imputed to the State." *Carrier,* 477 U.S., at 488, 106 S.Ct., at 2646. However, the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1982). Petitioner's allegations do not meet the extremely high standard of a factor external to the defense. Moreover, petitioner offers nothing to show that an external factor prevented counsel from raising the *Apprendi/Abrego* claims or that the claims were not available at the time the appeal was filed. In fact, petitioner's arguments suggest the opposite - that the claims were available, but not presented.

Because petitioner has not shown cause to overcome the procedural default, a consideration of prejudice is unnecessary. *Strickland v. Washington*, 466 U.S. at 688, 692, 104 S.Ct. 2052, 2067 (1984).

Finally, petitioner claims that he is actually innocent of the charges, which should excuse the default. He argues that he "has demonstrated in the writ and accompanying documents that he in fact did not shoot anyone on that fateful night." Opposition, p. 6. Actual innocence is a gateway through which a petitioner may have previously barred claims reviewed by the federal court. *Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 862 (1993). The "actual innocence" exception, also known as the "fundamental miscarriage of justice" exception, is reserved for extraordinary cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S., at 495, 106 S.Ct., at 2639 (1986). However, to be credible, a claim of actual innocence must be supported with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995). Petitioner offers no such evidence in opposition to his motion to dismiss. His petition offers nothing by way of new evidence. As a result, petitioner's argument of actual innocence will not open the gateway to review of ground 2 of the amended petition. The motion to dismiss shall be granted.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that grounds 2, 3, 4, 5, 6, 7, 8 and 9 of the amended petition are **DISMISSED WITH PREJUDICE.**

9

1  **IT IS FURTHER ORDERED** that respondents shall file their answer to the
2  remaining ground one of the amended petition within thirty days of entry of this order.  Thereafter,
3  petitioner shall have thirty days to file his reply.

4  Dated this 9th day of May, 2011.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE