UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELDER ZACARIAS-LOPEZ, ) | |
| ) | |
| Petitioner, ) | 2:05-cv-1156-JCM-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| D.W. NEVEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This action proceeds on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Elder Zacarias-Lopez. Before the court is respondents' answer to the single surviving claim for relief. Petitioner did not file a reply.

**I.    Procedural Background**

Petitioner was convicted of murder with the use of a deadly weapon on May 28, 2002. Exhibit 12.[1] The jury deliberated and entered its sentencing verdict on May 29, 2002. Exhibit 14. Petitioner moved for a new penalty hearing when it was discovered that the trial court had received and responded to questions from the jury during its penalty deliberations without notifying the parties. Exhibit 17. The motion was denied, and petitioner was sentenced to two consecutive terms

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motions to dismiss and are found in the court's record at dockets #12 and #30.

of life with the possibility of parole after twenty years. Exhibit 18. Petitioner appealed. Exhibit 19. After full briefing, the Nevada Supreme Court affirmed the conviction on May 11, 2004. Exhibit 22. Remittitur issued on June 8, 2004. Exhibit 23.

A post-conviction petition was filed by petitioner on November 22, 2004. The district court denied the petition on February 23, 2005. Exhibit 32. On appeal, the Nevada Supreme Court affirmed this decision. Exhibit 33. Remittitur was entered on July 12, 2005. Exhibit 34.

Petitioner arrived at the federal court on September 15, 2005, and after the issue of the filing fee was resolved, his petition was filed on January 17, 2006. (ECF No. 5.) Following an initial motion to dismiss, petitioner obtained counsel, who moved to amend the petition and then sought a stay and abeyance to return to state court to exhaust newly added and unexhausted claims. (ECF Nos. 11, 16, 17.) The stay was granted, the amended petition was filed on May 3, 2008, and petitioner returned to the state court.

On January 19, 2011, petitioner moved to reopen the case and respondents filed their second motion to dismiss. (ECF Nos. 27 and 29.) After resolution of that motion, respondents have filed their answer to the single surviving claim, ground one of the amended petition (ECF No. 36). Petitioner has not replied.

**III.    Discussion**

    A.    Habeas Corpus Standards

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 74, 123 S.Ct. 1166, 1173 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. at 1495). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495). In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *see Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).

With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

If there is no reasoned decision upon which the court can rely, then it must make an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir. 2000).

Ground One

Petitioner has a single ground for relief pending before this Court. In that ground,

3

petitioner alleges he was denied due process and counsel guaranteed under the Fifth, Sixth and Fourteenth Amendments where the trial court failed to inform counsel until after deliberations that the jury had sent three questions regarding the amount of time petitioner would have to serve if he was given a sentence of 40 years and by advising the jury, outside the presence of counsel, that it should refer to the existing jury instructions. *See* ECF No. 23, p. 3.

After the penalty phase of the trial concluded, the jury was excused to deliberate at 3:50 p.m. on May 29, 2002. The jury returned with a verdict at 5:35 p.m. that same day. (ECF No. 12, Exhibit 7, pt. 2, p. 73.) After the reading of the verdict and the jury having been excused, defense counsel inquired whether the jury had posed any questions. *Id.* at 76. The exchange went as follows:

> Ms. Lemcke: Judge, just for the record, I have just a concern. Did the jury have any questions at all?
> The Court: They sent out a couple of questions and so we told them that they would have to come back tomorrow 'cause I was not available and they were told to review the instruction.
> Ms. Lemcke: Okay.
> The Court: And they decided, after reviewing the instructions, they didn't need the questions answer [sic].
> Ms. Lemcke: All right, can we know what the questions were just in case there's any issues relative to –
> The Court: Did they put them in writing?
> The Bailiff: Yes, they did.
> The Court: Okay.
> The Bailiff: It's in on the desk.
> The Court: All right, we'll make that – make a copy of it for them and then we'll make it part of the record.
> Ms. Lemcke: That's good. And, Judge, if there are any issues relative to that, I'll just look them over. There may or there may not be, but I would just at least like to see it.
> The Court: All right.

ECF No. 12, Exhibit 7, Pt. 2, pp. 76-77.

The jury's questions read as follows:

1) When we say that the defendant will serve 40 years before parole, these 40 years do not translate to 10 or 15 in real time, do they?

2) Is the frequency of parole opportunities the same in 40-100 yrs [sic] and 40-life?

4

> 3) Typically, does a parole board consider the severity of the sentence (i.e.: 40-100 vs. 40-life) in approving parole.

ECF No. 30, exhibit 17, p. 6. Based on these questions and the circumstances involved, petitioner's counsel moved for a new penalty hearing, which was denied by the trial court.

In his motion for a new penalty hearing, petitioner argued that the court's refusal to call in the parties to respond to the questions properly prejudiced petitioner because the court's response failed to adequately inform the jury of its choices in sentencing the defendant, leaving it to speculate if the imposition of a 40 year sentence actually "meant something much less in terms of the actual years that the Defendant would serve." *Id.,* Motion for New Penalty Hearing, p. 3.

In deciding this claim, the Nevada Supreme Court concluded that the court's actions were in error, but that the error was harmless. ECF No. 30, exhibit 22, pp. 5-6. The court said, "Although the district court should not have answered the jury's questions as it did, by referring the jury back to the instructions already given without first informing counsel, we conclude that such error was harmless error since the jury instruction relating to the jury's questions was correct and adequately answered their questions." *Id.*, citing *Cavanaugh v. State,* 102 Nev. 478, 484, 729 P.2d 481, 45 (1986). *Cavanaugh* includes no federal standard in its analysis of this issue.

Respondents argue, despite the findings of the Nevada Supreme Court to the contrary, that the trial court did not actually answer the jury's questions, but expressed an intention to address them the following day. Relying on this unfounded conclusion, respondents characterize the question before this Court in a much different fashion than petitioner, suggesting that the question presented is "what happens when a jury withdraws their questions prior to receiving further instructions from the Court. *See* Answer, p. 12. Respondents suggest that this is an open question and no United States Supreme Court case law exists to address it, thereby foreclosing federal habeas relief. Respondents' characterization and its arguments are in error. Petitioner is the master of his own petition and, looking at petitioner's claim as he presents it, habeas relief is not foreclosed for a lack of United States Supreme Court rulings.

The question of whether it is proper for the court to address jury questions outside the presence of counsel and the defendant has been considered and decided numerous times by the Supreme Court. *See e.g., Rogers v. U.S.,* 422 U.S. 35, 38-40, 95 S.Ct. 2091 (1975) (the jury's message should have been answered in open court and that petitioner's counsel should have been given an opportunity to be heard before the trial judge responded); *Shields v. United States*, 273 U.S. 583, 47 S.Ct. 478 (1927) (the rule of orderly conduct of jury trial entitles the defendant, especially in a criminal case, to be present from the time the jury is impaneled until its discharge after rendering the verdict); *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 39 S.Ct. 435 (1919) (the trial judge in a civil case 'erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction). The conclusion of the Court has always been that such unilateral *ex parte* actions by the trial court, without giving counsel an opportunity to object or contribute to the proffered response was a due process violation. *Id.*

Errors of *ex parte* communication between the court and jurors are subject to harmless error analysis, and the error must be harmless beyond a reasonable doubt. *Rushen v. Spain,* 464 U.S. 114, 104 S.Ct. 453 (1983). In *Rogers,* the Court concluded that providing the jury with additional instructions outside the presence of the parties was not harmless error where the court's response likely induced certain jurors to vote guilty because it implied that a recommendation of mercy from the jury would be considered at sentencing. 422 U.S. at 38-40. The same is true here, where the jury was instructed that because it was late in the day, it would have to come back the next day to obtain an answer from the court and the parties unless they could find their answers in the instructions already given. *See* ECF No. 30, exhibit 1, p. 14; Minutes of Court dated July 17, 2002, and exhibit 18, p. 3.

As the United States Supreme Court noted in *Simmons v. South Carolina,* 512 U.S. 154, 170, n.10, 114 S.Ct. 2187, 2197 ((1994), if the jury understood the plain meaning of the jury instructions it had been given, "there would have been no reason for the jury to inquire about

petitioner's parole eligibility." Thus, questions raised by the jury require more than a threat of extended service and a general reference to the instructions already given.

In petitioner's case, the jury returned with its sentence of life with the possibility of parole after 40 years less than an hour after the time the judge responded to their questions. *Cf*, Motion for New Penalty Hearing, ECF No. 30, exhibit 17, p. 3 with Minutes of Court May 29, 2002, exhibit 1, p. 10. These facts lead to the conclusion that the jury felt some pressure to reach a verdict without bothering the court or the parties further, particularly where failing to do so would result in prolonging their service as jurors another day, thereby also extending the concomitant impositions on personal obligations and time.[2]

Respondents' reference to *Weeks v. Angelone,* 528 U.S. 225, 234, 120 S.Ct. 727, 732-33 (2000), for the proposition that no error occurred where the trial court referred the juror to instructions that contain a correct statement of the law, is inapposite where, in *Weeks,* the trial court referred the jury to specific and particular provisions in the jury instructions already offered <u>and</u> the response was given after discussion of the proposed instruction with counsel for the parties and consideration of their input. *Id.* at 228-230, 120 S.Ct. at 730.

The Nevada Supreme Court's denial of this claim was contrary to clearly established federal law as determined by the United States Supreme Court in both *Rogers v. U.S.* and *Simmons v. South Carolina*. 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. at 71-2, 123 S.Ct. at 1172-73. The trial court denied petitioner's right to due process and to have counsel present at all phases of the trial by responding to a jury question without allowing the parties to participate in or object to the responses to those questions. The court's conclusion that her instruction "apparently... answered their question once they reviewed the instructions 'cause they were able to return with a verdict," ignores the equally plausible conclusion that the jury believed that they should reach a verdict before the end of the day whether their questions were answered or not. A jury that enters a verdict without

---

[2] Jurors had already attended at least six days of trial and several hours of evidence during the penalty phase. The length of the trial was not, therefore, insignificant, and the prospect of another day's investment would most certainly have borne on their desire to reach a verdict sooner rather than later.

1  proper and complete instruction as to the applicable law or after being pressured to reach a verdict
2  within a certain time frame produces a verdict that is constitutionally invalid.
3        The court, therefore, hereby grants the petition, vacating petitioner's sentence and
4  ordering the state court to provide him with a new penalty hearing within a reasonable time not to
5  exceed 180 days or release him from custody.
6        **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus
7  pursuant to 28 U.S.C. § 2254 is **GRANTED.**  Petitioner's sentence is hereby **VACATED**.
8        **IT IS FURTHER ORDERED** that the clerk of court shall serve this order upon the
9  parties, as well as the district attorney and district court clerk of Clark County.
10       **IT IS FURTHER ORDERED** that the state, through the Clark County district
11 attorney's office and the Eighth Judicial District Court, shall, within a reasonable time not to exceed
12 180 days from entry of this order, provide petitioner with a new penalty hearing.  As the court
13 assumes it will be impossible to gather the original jury, the penalty hearing may be conducted
14 before a newly convened jury provided it is properly informed of the evidence presented at trial.
15       **IT IS FURTHER ORDERED** that the Eighth Judicial District Court shall
16 immediately appoint counsel to assist and represent petitioner in the proceedings ordered herein.
17       **IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly.
18
19       Dated this   6th   day of October, 2011.
20
21                        _/s/ James C. Mahan_
22                        UNITED STATES DISTRICT JUDGE
23
24
25
26